**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DARRAH R. WALCK,** | ) |
| | ) |
|     **Petitioner,** | ) |
| | ) |
| v. | )     **CIV-05-430-R** |
| | ) |
| **W.A. "DREW" EDMONDSON,** | ) |
| **Attorney General of Oklahoma, and** | ) |
| **KURT SHIREY, Sheriff of** | ) |
| **Pottawatomie County, Oklahoma,** | ) |
| | ) |
|     **Respondents.** | ) |

**O R D E R**

Before the Court are the Report and Recommendation of United States Magistrate Robert E. Bacharach entered June 6, 2005 and the Objection of Respondent Kurt Shirley, Sheriff of Pottawatomie County, to the Report and Recommendation. The Magistrate Judge treated the petition herein as brought pursuant to 28 U.S.C. § 2241; recommended that the Court not abstain from an immediate decision on Petitioner's double jeopardy claim; concluded that the Double Jeopardy Clause of the Fifth Amendment bars Petitioner's retrial by state authorities, following a mistrial, for vehicular manslaughter; and recommended that the Court issue the requested writ of habeas corpus and enjoin further proceedings in state court.  Respondent objects to the Magistrate Judge's treatment of the petition as brought pursuant to 28 U.S.C. § 2241 rather than 28 U.S.C. § 2254; objects to the Magistrate Judge's failure to accord the decision of the Oklahoma Court of Criminal Appeals the deference required under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-

132, Title I, § 104, 110 Stat. 1218, specifically under 28 U.S.C. § 2254(d)(1) & (2); and objects to the Magistrate Judge's failure to apply the doctrine or concept of "one continuing jeopardy," if § 2241 is the appropriate basis for the petition.  Additionally, Respondent asserts that Petitioner has failed to meet her burden of proving that her retrial poses a threat of irreparable injury which is both great and immediate, the exception to abstention which the Magistrate Judge invoked and applied.  Finally, Respondent objects to the Magistrate Judge's conclusion that the Double Jeopardy Clause bars petitioner's retrial and his analysis in reaching that conclusion.

Pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews *de novo* those aspects of the Report and Recommendation to which Respondent objects.

Under Which Statute is the Habeas Petition Brought
and What Standard of Review Applies?

There is no dispute that Petitioner is not "in custody pursuant to the judgment of a state court . . . ." 28 U.S.C. § 2254(a).  Rather, Petitioner's status is that of a pretrial detainee. A pretrial detainee's double jeopardy challenge is properly brought under 28 U.S.C. § 2241. *See Stow v. Murashige*, 389 F.3d 880, 886-888 (9th Cir. 2004); *McNeely v. Blanas*, 336 F.3d 822, 824 n. 1 (9th Cir. 2003); *Jacobs v. McCaughtry,* 251 F.3d 596, 597 (7th Cir. 2001) (per curiam); *Stringer v. Williams*, 161 F.3d 259, 261-62 (5th Cir. 1998); *Palmer v. Clarke*, 961 F.2d 771, 772 (8th Cir. 1992); *Benson v. Superior Court*, 663 F.2d 355, 358 (1st Cir. 1981); *See also Gould v. State of Colorado*, 45 Fed. Appx. 835, 836 n. 1, 2002 WL 1938596 (10th Cir. Aug. 22, 2002) (No. 02-1162) (unpublished op.) (pretrial detainee can pursue habeas

relief under 28 U.S.C. § 2241, but not under 28 U.S.C. § 2254). Because this action is properly treated as brought pursuant to § 2241, Petitioner is not required to meet the AEDPA standards under § 2254(d)(1) &(2) to obtain habeas relief, as Respondent suggest, and review of the merits of Petitioner's double jeopardy claim, unless abstention is warranted, is *de novo*. *See Stow v. Marashige*, 389 F.3d at 888.

## Abstention

The Tenth Circuit has recognized that the *Younger v. Harris*[1] abstention doctrine is inapplicable not only in cases of proven harassment or prosecutions undertaken by state officials in bad faith, without hope of obtaining a conviction, but *also* in extraordinary circumstances where irreparable injury can be shown. *Weitzel v. Department of Commerce of State of Utah*, 240 F.3d 871, 876 (10th Cir. 2001), *citing Amanatullah v. Colorado Board of Medical Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999) (quoting *Perez v. Ledesma*, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971)); *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Perez*). The Tenth Circuit has further acknowledged that according to the dictates of *Younger v. Harris*, the irreparable injury must be "'both great and immediate.'" *Phelps*, 122 F.3d at 889 (quoting *Younger v. Harris*, 401 U.S. at 46, 91 S.Ct. at 677, 27 L.Ed.2d at 676), and that the "'threat to the plaintiff's federally protected rights' is only irreparable if it 'cannot be eliminated by . . . defense against a single prosecution.'" *Id.*, quoting *Younger*, 401 U.S. at 46, 91 S.Ct. at 751, 27 L.Ed.2d at 677. Respondent asserts

---

[1] *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).

that Petitioner has failed to meet this exception "[b]ecause the case has never been submitted to analysis by the trial court on a defense motion for directed verdict, or possible conviction on a lesser included offense (or even acquittal of all possible criminal wrongdoing). To the extent the Court understands Respondent's argument, the argument overlooks the fact that the Double Jeopardy Clause protects "against being twice put to *trial* for the same offense." *Gilliam v. Foster*, 75 F.3d 881, 904 (4th Cir. 1996) (citing omitted; emphasis in original), *cert. denied*, 517 U.S. 1220, 116 S.Ct. 1849, 134 L.Ed.2d 950 (1996). *See Abney v. United States*, 431 U.S. 651, 660-63, 97 S.Ct. 2034, 52 L.Ed.2d 651, 660-61 (1977) (the Double Jeopardy Clause is a guarantee against being twice put to trial for the same offense, which guarantee would be significantly undermined if review of double jeopardy claims were postponed until after conviction and sentence). The Court is persuaded by the cases cited and discussed by the Magistrate Judge that the threat of double jeopardy by being forced to endure a second trial is an extraordinary circumstance entailing irreparable injury both great and immediate within the exception to *Younger* abstention, warranting this Court's intervention in Petitioner's state criminal proceedings and entertainment of her petition to decide whether Petitioner is currently suffering or will be subjected to a violation of the Double Jeopardy Clause. *See Gilliam v. Foster*, 75 F.3d at 904; *Satter v. Leapley*, 977 F.2d 1259, 1261 (8th Cir. 1992); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992); *Davis v. Herring*, 800 F.2d 513, 515-16 (5th Cir. 1986); *Doe v. Donovan*, 747 F.2d 42, 44 (1st Cir. 1984); *Gully v. Kunzman*, 592 F.2d 283, 286 (6th Cir.), *cert. denied*, 442 U.S. 924, 99 S.Ct. 2850, 61 L.Ed.2d 292 (1979); *Grizzle v. Turner*, 387 F.Supp. 1, 2-3 (W.D. Okla. 1975) (cited in the Report and

Recommendation at pp. 3-6 & n. 4).  *See also Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 303, 104 S.Ct. 1805, 80 L.Ed.2d 311, 321 (1984) (plurality op.) ("Because the [Double Jeopardy Clause] 'protects interests wholly unrelated to the propriety of any subsequent conviction', a requirement that a defendant run the entire gamut of state procedures, including retrial, prior to consideration of his claim in federal court, would require him to sacrifice one of the protections of the Double Jeopardy Clause.") (citation and footnote omitted); *Allen v. Attorney General of the State of Maine*, 80 F.3d 569, 572 (1st Cir. 1996) (federal courts will in appropriate circumstances entertain habeas claim that permitting a nascent but as yet incomplete state court prosecution to go forward would violate the double jeopardy); *Hartley v. Neely*, 701 F.2d 780, 781 (9th Cir. 1983) (habeas petitioner can only be assured freedom from double jeopardy by giving him access to habeas review prior to second trial); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2nd Cir. 1979) (federalism considerations do not preclude federal court's consideration of detainee's habeas claim to preclude a second trial on double jeopardy grounds).

Double Jeopardy

Respondent objects to the Magistrate Judge's analysis and conclusion that double jeopardy bars retrial of Petitioner following the declared mistrial on three grounds.  First, Respondent argues that the Magistrate Judge failed to consider the doctrine of "one continuing jeopardy," *see* Objection at pp. 7 & 8, *citing Bryan v. United States*, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950) and *Boyd v. Meachum*, 77 F.3d 60 (2nd Cir. 1996), *cert. denied*, 519 U.S. 117 S.Ct. 114, 136 L.Ed.2d 66 (1996).  Secondly, Respondent asserts that

the Double Jeopardy Clause as interpreted in *Arizona v. Washington*, 434 U.S. 497, does not preclude retrial of the Petitioner unless "'bad-faith conduct by judge or prosecutor'" are shown, Objection at p. 12, *quoting Arizona v. Washington*, 434 U.S. 497, 508, 98 S.Ct. 824, 54 L.Ed.2d 717, 730 (1978) (quoting *United States v. Dinitz*, 424 U.S. 600, 611, 96 S.Ct. 1075, 47 L.Ed.2d 267, 276 (1976) (quoting *United States v. Jorn*, 400 U.S. 470, 485, 91 S.Ct. 547, 27 L.Ed.2d 543, 556 (1971) (plurality op.)). Thirdly, Respondent argues that the absence of an explicit finding by the trial court of "manifest necessity" for a mistrial is not dispositive, *citing Arizona v. Washington*, 434 U.S. at 516-17, 98 S.Ct. at __, 54 L.Ed.2d at 735.

The Supreme Court's decision in *Bryan v. United States*, 338 U.S. 552, 70 S.Ct. 317, 94 L.Ed. 335 (1950) is no longer good law, having been overruled in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). The "continuing jeopardy" principle, according to the Second Circuit in *Boyd v. Meachum*, 77 F.3d 60, 64 (2nd Cir. 1996), cited by Respondent, permits retrial for an offense that resulted in a conviction as to which the defendant has obtained reversal on appeal and works as a sort of "relation back" doctrine. That doctrine is wholly inapplicable here, as is made clear by the Tenth Circuit's opinion in *United States v. Shinault*, 147 F.3d 1266, 1274-76 (10th Cir.), *cert. denied*, 525 U.S. 988, 119 S.Ct. 459, 142 L.Ed.2d 411 (1998). In *Shinault*, the Tenth Circuit explained that the Supreme Court in *Richardson v. United States*, 468 U.S. 317, 104 S.Ct. 3081, 82 L.Ed.2d 242 (1984) used the doctrine of "continuing jeopardy" to find that a mistrial after a hung jury was not a terminating event and therefore that retrial following a mistrial by virtue of a hung jury

was not a violation of double jeopardy, which was already long-settled jurisprudence. 147 F.3d at 1275. The Tenth Circuit further explained, drawing on Supreme Court precedent, that the original proceeding and jeopardy terminate, however, whenever resumption of proceedings or trial before a new tribunal would implicate the policies of the Double Jeopardy Clause of not subjecting a defendant to repeated trials which may cause him embarrassment, expense and ordeal and compel him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that he may be found guilty, 147 F.3d at 1276. This is not a case in which a mistrial was declared because of a hung jury. Nor is it a case in which Petitioner was convicted but her conviction was reversed on appeal. Neither is it a case like *Shinault* in which one juror was replaced before any of the witnesses had testified and the policies underlying the Double Jeopardy Clause were not implicated. In this case Petitioner can point to an event terminating the original jeopardy that attached after the jury had been sworn – the granting of the prosecution's motion for a mistrial over Petitioner's objection after two witnesses had testified.[2] The posture of the trial at that time left the

---

[2] Petitioner's counsel stated that Petitioner did not join in the motion for a mistrial (even though Petitioner had also listed Ms. Moore as a witness) and affirmatively stated "we're ready to proceed." Petitioner's App. at p. 199 (Trial Tr. at p. 72). The trial court treated Petitioner's counsel's statement as an objection but immediately granted the State's motion, declared a mistrial and discharged the jury. *Id.* at pp. 199-202 (Trial Tr. at pp. 72-75). Petitioner's counsel then moved that the case be dismissed with prejudice and pointed out that a transcript of Ms. Moore's testimony at the preliminary hearing was available, *id.* at pp. 203-204 & 205 (Trial Tr. at pp. 76-77 & 78), but the trial court *sua sponte* discounted the alternative of the State's using that transcript, stating that it "does not go into the detail that the State would be entitled to bring if she was called as a witness," *id.* at p. 204 (Trial Tr. at p. 77), without reviewing the transcript or any such argument from the prosecutor, and implicitly overruled Petitioner's motion to dismiss the case with prejudice by resetting it in March of 2005. *Id.* at p. 205 (Trial Tr. at p. 78). Certainly, Petitioner did not knowingly and voluntarily consent to the mistrial and/or waive her right to contest retrial on double jeopardy grounds. *See United States v. Shinault*, 147 F.3d at 1275 n. 1. While most circuit courts recognize that a defendant may impliedly consent to a mistrial by not objecting or remaining silent, *see, e.g, United States v. Toribio-*

Petitioner in a position where trial before a new tribunal would implicate the policies implicating the Double Jeopardy Clause. *See Shinault*, 147 F.3d at 1276, *quoting Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294, 320, 104 S.Ct. 1805, 80 L.Ed.2d 311, 332 (1984). Thus, the "continuing jeopardy" doctrine is inapplicable in this case.

Respondent's assertion that bad faith on the part of the judge or prosecutor in declaring or causing a mistrial is necessary for retrial to violate the Double Jeopardy Clause is based on a misreading of *Arizona v. Washington*. In *Arizona v. Washington*, the Supreme Court discussed a variety or spectrum of circumstances in which a mistrial is sought and in which the question of whether a high degree of necessity for the mistrial can be easily or not easily demonstrated, depending upon whether they create unfairness to the defendant or whether "his valued right to have the trial concluded by a particular tribunal is . . . subordinate to the public interest in affording the prosecutor one full and fair opportunity to present his evidence to an impartial jury." *Arizona v. Washington*, 434 U.S. at 505, 98 S.Ct. at __, 54 L.Ed.2d at 728. The Court suggested that whether that "high degree" of necessity has been demonstrated is easily answered in cases when, for example, the prosecutor requests

---

*Lugo*, 376 F.3d 33, 40-42 (1st Cir. 2004); *United States v. Combs*, 222 F.3d 353, 359 (7th Cir. 2000); *United States v. Gantley*, 172 F.3d 422, 428-29 (6th Cir. 1999); *United States v. Palmer*, 122 F.3d 215, 218-19 (5th Cir. 1997); *Love v. Morton*, 112 F.3d 131, 138-39 (4th Cir. 1997), that doctrine is inapplicable herein because Respondent does not argue that Petitioner impliedly consented to the mistrial; Petitioner's counsel made it clear that Petitioner wanted to proceed with trial, offered another alternative to mistrial to the trial judge immediately after the judge precipitously declared a mistrial and moved to dismiss the case with prejudice when the trial court refused to reconsider his mistrial ruling; the trial court did not afford Petitioner's counsel an adequate or meaningful opportunity to object to the mistrial motion and invite the proposal of alternatives to a mistrial, *compare with Love v. Morton*, 112 F.3d at 138; and, in any event, the trial court treated Petitioner's counsel's statement that Petitioner did not join in the mistrial motion and was ready to proceed as an objection to the State's motion for a mistrial. *See* Petitioner's App. at p. 201 (Trial Tr. at p. 74).

a mistrial in order to buttress weaknesses in his evidence, *id.*, 434 U.S. at 507, 98 S.Ct. at __, 54 L.Ed.2d at 507; when governmental actions are intended to provoke mistrial requests or bad faith by the judge or prosecutor threatens harassment of the Defendant by successive prosecutions or a declaration of a mistrial to afford the prosecution a more favorable opportunity to convict, *id.*, 434 U.S. at 508, 98 S.Ct. at __, 54 L.Ed.2d at 729-30 (*quoting United States v. Dinitz*, 424 U.S. at 611, 96 S.Ct. at __, 47 L.Ed.2d at 276); and "when the basis for the mistrial is the unavailability of critical prosecution evidence, or when there is reason to believe that the prosecutor is using the superior resources of the State to achieve a tactical advantage over the accused." *Id.*, 434 U.S. at 508, 98 S.Ct. at __, 54 L.Ed.2d at 730. In all such circumstances, the Court suggested that the standard of "manifest necessity" or "high degree of necessity" for a mistrial, which is not to be applied mechanically, will be difficult or impossible for the prosecutor to meet and "strictest scrutiny" of whether that standard has been met is to be employed. *See id.*, 434 U.S. at 506 & 508, 98 S.Ct. at __, 54 L.Ed.2d at 728-29 & 730. The Supreme Court observed that at the other end of the spectrum of circumstances in which a mistrial may be granted and in which a high degree of necessity for a mistrial could be easily demonstrated and found are those cases in which the trial judge discharges the jury because it is genuinely deadlocked. *Id.*, 434 U.S. at 509, 98 S.Ct. at __, 54 L.Ed.2d at 730. By no means did the Supreme Court in *Arizona v. Washington* say or suggest that only when a mistrial results from bad faith on the part of the judge or the prosecutor is manifest necessity not shown, is strictest scrutiny as to whether manifest necessity has been shown applied, or does retrial of the defendant thereafter violate the

Double Jeopardy Clause. Indeed, in *Arizona*, the Supreme Court stated that "in view of the importance of the right [to have one's trial completed by a particular tribunal] and the fact that it is frustrated by any mistrial, the prosecutor must shoulder" the heavy burden of demonstrating "'manifest necessity' for any mistrial declared over the objection of the defendant." *Arizona v. Washington*, 434 U.S. at 505, 98 S.Ct. at __, 54 L.Ed.2d at 728. The Magistrate Judge properly applied the "manifest necessity" standard and strictest scrutiny in determining whether the "manifest necessity" had been demonstrated.

With respect to Respondent's final objection, the Magistrate Judge's conclusion in no way rested on the trial judge's failure to make an express finding that "manifest necessity" existed for the mistrial. Rather, based upon his examination of the record, the Magistrate Judge concluded that the prosecutor had not demonstrated manifest necessity for a mistrial due to Ms. Moore's temporary unavailability given the prosecutor's failure to show why her testimony was necessary or why her preliminary hearing transcript was insufficient and the existence of reasonable alternatives to the granting of a mistrial. The Court agrees with the Magistrate Judge that the record does not support a finding of manifest necessity for a mistrial, regardless of whether an express finding thereof had been made or not. The Court fully concurs in the thorough and excellent analysis of the double jeopardy issue by the Magistrate Judge in his Report and Recommendation. There were reasonable and less drastic alternatives to a mistrial described by the Magistrate Judge, one of which was mentioned by Petitioner's counsel, albeit after the trial judge rather peremptorily declared a mistrial, which the trial court failed to consider or adequately consider. *See* Report and Recommendation

at pp. 13-16. *Compare with United States v. Rivera*, 384 F.3d 49, 56 (3rd Cir. 2004); *United States v. McIntosh*, 380 F.3d 548, 554 (1st Cir. 2004); *Long v. Humphrey*, 184 F.3d 758 (8th Cir. 1999); *United States v. Millan*, 17 F.3d 14, 21 (2nd Cir. 1994); *Washington v. Jarvis*, 2005 WL 1287031 at *7 & 13 (4th Cir. June 1, 2005) (No. 04-6607); *Cherry v. Director, State Board of Corrections*, 635 F.2d 414, 419 (5th Cir.), *cert. denied*, 454 U.S. 840, 102 S.Ct. 150, 70 L.Ed.2d 124 (1981). Secondly, the trial court did not give counsel for Petitioner an adequate opportunity to be heard on the issue of whether manifest necessity existed for a mistrial. *See* Petitioner's App. at pp. 199-205 (Trial Tr. at pp. 72-78). *Compare with United States v. McIntosh*, 380 F.3d at 554; *United States v. Toribio-Lugo*, 376 F.3d 33, 39 (1st Cir. 2004). Finally, the trial transcript reveals that the trial court did not adequately reflect on the circumstances before making a decision to declare a mistrial but acted precipitously. *See* Petitioner's App. at pp. 199-205 (Trial Tr. at pp. 72-78). *Compare with United States v. McIntosh*, 380 F.3d at 554; *United States v. Toribio-Lugo*, 376 F.3d at 39. In summary, this Court cannot say that "the trial judge acted responsibly and deliberately and accorded careful consideration to [Petitioner's] interest in having the trial concluded in a single proceeding." *Arizona v. Washington*, 434 U.S. at 516, 98 S.Ct. at ___, 54 L.Ed.2d at 734. Based upon the record, manifest necessity did not exist for the declaration of a mistrial. The trial court committed error and abused his discretion in declaring a mistrial.

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety. The Double Jeopardy Clause of the Fifth Amendment made applicable to state prosecutions by the Fourteenth Amendment's Due Process Clause

bar's Petitioner's retrial; the petition herein for a writ of habeas corpus is GRANTED and the State is directed to dismiss, with prejudice, the criminal charges filed against Petitioner stemming from the December 28, 2003 traffic accident in Pottawatomie County, Oklahoma; and the State of Oklahoma is enjoined from retrying Petitioner or further prosecuting her for the same incident.

**IT IS SO ORDERED this 10th day of August, 2005.**

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE